## UNITED STATES

### v.

**Airman Jonathan V. GRUBBS, FR 258–19–0373, United States Air Force.**

**ACM S25437.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 24 Sept. 1981.

Decided 16 March 1982.

---

* Although aware of *United States v. Silvas*, 11 M.J. 510 (N.C.M.R.1981), we choose not to follow that decision.

Appellate Counsel for the Accused: Colonel George R. Stevens.

Appellate Counsel for the United States: Colonel James P. Porter.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

## DECISION

MAHONEY, Judge:

Pursuant to his pleas, the accused stands convicted of two specifications charging uttering of worthless share drafts, in violation of Article 123a, 10 U.S.C. § 923a, Uniform Code of Military Justice [hereinafter U.C.M.J.]. The approved sentence extends to a bad conduct discharge, confinement at hard labor for three months, and reduction to airman basic. No errors have been assigned, and upon our review of the entire record, we find none. Nevertheless, because the form of the specifications is unusual, and of first impression, a brief discussion is appropriate.

The Specification of the Charge reads as follows: [1]

> In that AIRMAN JONATHAN V. GRUBBS, 401st Tactical Fighter Wing, United States Air Force, did, at Torrejon Air Base, Spain, at divers times from about 15 April 1981 to 29 July 1981, with intent to defraud and for the procurement of lawful currency and things of value, wrongfully and unlawfully utter to the U. S. Air Force Central Welfare Fund, AAFES–EUR SPAX Br. 7511–1001–00, and AAFES–EUR SPER Br. 7511–10–0100, drafts for the payment of money in the total amount of $1747.10, more or less, drawn upon the DeKalb County Teachers Federal Credit Union,

---

1. The remaining specification, under an additional charge, is substantially similar in form, except only one payee is involved, the period of time is different, and the total value was $600.00. It was stipulated that six checks were involved in the second specification; copies thereof are exhibits in the record.

payable through the Chase Manhattan Bank, made payable to the U. S. Air Force Central Welfare Fund, AAFES–EUR SPAX Br. 7511–1001–00, and AAFES–EUR SPER Br. 7511–10–0100, and signed Jonathan V. Grubbs, then knowing that he, the maker thereof, did not or would not have sufficient funds in or credit with said credit union and bank for the payment of said drafts in full upon their presentment.

As is readily apparent, the specification is a departure from conventional pleading[2] in several respects: (1) more than one worthless draft is alleged to have been uttered; (2) the drafts are not set forth *in haec verba* ; (3) the uttering is alleged to have occurred on divers occasions over a period of time; (4) the value of the drafts is alleged in a single aggregate amount; (5) the drafts are alleged to have been uttered for procurement of both currency and things of value; (6) the drafts are alleged to have been uttered to three separate organizations; (7) the drafts are upon a credit union shares account, payable through a named bank; and (8) there are three separate payees on the drafts, presumably corresponding to the utterees.

■ Addressing the foregoing points, we note that it is permissible to charge similar acts of misconduct as an unlawful course of conduct in a single specification even though those acts might have been charged separately in several specifications. *See*, Manual for Courts-Martial, paragraph 28*b*.

This form of pleading has become commonplace in charging drug offenses. Such pleading reduces the maximum punishment the accused must face, and normally simplifies the trial and the post-trial review of the case. In this case, the proof of facts and circumstances discloses that a total of 16 drafts, one or more uttered to each of the payees, were encompassed by the specification. The total amount of those drafts coincides with the aggregate value in the specification.

■ While the drafts are not set forth *in haec verba*, all elements of the Article 123a offense are clearly stated. If not satisfied by normal pretrial discovery, a motion for specificity would clearly be satisfied by providing copies of the drafts to the defense. Moreover, the specification adequately protects the accused from further criminal jeopardy for those drafts or any others uttered to the same payees on the same account during the same period of time.

■ Concerning the four-party nature of the drafts, we find that the pleading in this case properly reflected the nature of the relationship between the accused's credit union and their correspondent or depository bank.[3]

■ On balance, we find the specification in this case to be an acceptable alternative to conventional *in haec verba* pleading of each check or draft in a separate specification. The accused benefits by a reduced maximum sentence and protection from

2. Form specifications for Article 123a offenses are provided in the Manual for Courts-Martial, 1969 (Rev.), Appendix 6*c*, numbers 95 and 96. The same Appendix, number 134, provides a form specification for the closely related and sometimes included offense of dishonorably failing to maintain sufficient funds for payment upon presentment, in violation of Article 134, 10 U.S.C. § 934, U.C.M.J.

3. We note that USAF Judiciary Special Subject Letter No. 55—Short-Form Pleading of Check Offenses (JAJ 81–4), dated 7 August 1981, suggested the pleading of ordinary personal checks in short form rather than *in haec verba*. However, that letter discouraged, for the time being, the use of short form pleading for share drafts or other four-party instruments. The various possible relationships between the parties to such four-party instruments warrants considerable caution. In drafting specifications covering four-party drafts upon credit union share accounts, brokerage accounts, or mutual funds, care must be taken to ascertain the actual relationship between the first institution (in which the maker maintains an account) and the second institution (in which the first institution usually maintains an account or other credit arrangement). The second institution may be a participant in the Federal Reserve check collection system, or may otherwise receive on behalf of the first negotiable drafts processed through banking channels. These mechanics need not be specified in great detail, but they should be fairly encompassed within the pleadings.

further criminal jeopardy for any other checks fitting the description in the specification. The prosecution, on the other hand, will find it easier to comply with Air Force Manual 111–1, Military Justice Guide, dated 2 July 1973, paragraph 3–2, which suggests that an excessive number of worthless check offenses not be charged. The result should be a reduced burden on the participants at trial and throughout the appellate process, coupled with a substantial reduction in the paperwork comprising records of trial and court-martial promulgating orders.

In the instant case, the findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

POWELL, Senior Judge, and KASTL, Judge, concur.