UNITED STATES

v.

**Airman First Class Maurice R. PALMER, FR 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, United States Air Force.**

ACM S25680.

U. S. Air Force Court of Military Review.

Sentence Adjudged 10 June 1982.

Decided 30 Sept. 1982.

---

Appellate Counsel for the Accused: Colonel George R. Stevens, Major Richard A. Morgan and Lieutenant Colonel Herbert T. Schwartz, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Michael J. Hoover.

Before POWELL, KASTL and RAICHLE, Appellate Military Judges.

## DECISION

### PER CURIAM:

We have before us three unusual specifications involving Credit Union share drafts. Despite the fact that the specifications do not set forth the instruments involved *in haec verba,* we find them an acceptable alternative to the conventional form and affirm.

Three specifications of Charge III, violations of Article 123a, Uniform Code of Military Justice, 10 U.S.C. § 923a, are in question.* Each specification alleges a "check" drawn upon the Barksdale Federal Credit Union. These instruments were payable through the First Bank of Northfield, Louisiana, but none of these specifications reflects the nature of the relationship between the Credit Union and its depositor bank. Instead, the specifications merely allege that the accused had, in each instance, made a "check" drawn "upon the Barksdale Federal Credit Union."

The accused now argues that none of these three specifications properly states an offense.

We are thus called upon to decide an issue reserved by Judge Mahoney in *United States v. Grubbs,* 13 M.J. 594 (A.F.C.M.R. 1982). There, the author noted that USAF Judiciary Special Subject Letter No. 55, Short-Form Pleading of Check Offenses (JAJ 81-4), dated 7 August 1981, suggested pleading ordinary personal checks in short form rather than *in haec verba.* However, that letter discouraged, for the time being, short form pleading for share drafts or other four-party instruments. Judge Mahoney cautioned that care must be taken to ascertain the actual relationship between the parties; he concluded that these mechanics "need not be specified in great detail, but they should be fairly encompassed within the pleadings." *United States v. Grubbs, supra,* at n. 3.

We find no error to the substantial rights of the accused. In *United States v. Sell,* 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953), the Court of Military Appeals reiterated that the rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects which are not prejudicial will be disregarded. It is sufficient if a specification sets out the elements, warns the accused what he or she must defend against, and permits the issue of double jeopardy to

---

* Each specification reads substantially as follows:

CHARGE III: Violation of the Uniform Code of Military Justice, Article 123a
> Specification 1: In that AIRMAN FIRST CLASS MAURICE RENARD PALMER, United States Air Force, 2d Civil Engineering Squadron, did, at Barksdale Air Force Base, Louisiana, on or about 22 January 1982, with intent to defraud, and for procurement for a thing of value, wrongfully and unlawfully make to Dominoe's Pizza a certain check for the payment of money in the amount of twelve dollars and eighty-five cents ($12.85), dated 22 Jan 1982, drawn upon the Barksdale Federal Credit Union, made payable to the order of Dominoe's Pizza, and signed Maurice R. Palmer, then knowing that he the maker thereof, did not or would not have sufficient funds in or credit with said credit union for the payment of said check in full upon its presentment.

be raised in the event of a new trial. *United States v. Yarbrough,* 9 M.J. 882, 884 (A.F.C.M.R.1980); *United States v. Schwarz,* 12 M.J. 650 (A.C.M.R.1981). *But cf. United States v. Huffman,* 6 C.M.R. 244, 253 (A.B.R.1952).

When a written instrument forms the gist of an offense, the specification should set forth the writing, preferably verbatim. Manual for Courts-Martial, United States, 1969 (Rev.), para 28*c.* *See also* paragraph 14, Appendix 6, Manual, *supra.* We find such language hortatory only. Here, the instruments substantially complied with the model specification; they were before the court as prosecution exhibits. Therefore, we hold that the accused cannot properly claim prejudice. *United States v. Sell, supra.*

The findings of guilty and the sentence are

AFFIRMED.