**UNITED STATES, Appellee,**

v.

**Specialist Four William E. CARTER, 226–08–8938, United States Army, Appellant.**

**No. CM 447486.**

U.S. Army Court of Military Review.

Dec. 19, 1985.

cited therein.

For Appellant: Lieutenant Colonel Arthur L. Hunt, JAGC, Captain Martin Healy, JAGC, Captain David L. Carrier, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Michael W. Hoadley, JAGC (on brief).

Before MARDEN, PAULEY, and De GIULIO, Appellate Military Judges.

## OPINION OF THE COURT

MARDEN, Senior Judge:

Appellant was convicted in accordance with his pleas of two specifications of absence without leave, two specifications of violating a lawful general order, one specification of worthless checks, and one specification of larceny in violation of Articles 86, 92, 123a, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 923a, and 921. He was sentenced to a bad-conduct discharge, confinement for thirteen months, forfeiture of all pay and allowances, and reduction to E-1. Pursuant to a pretrial agreement, the convening authority approved the sentence but suspended that portion of confinement in excess of nine months for a period of six months with provision for automatic remission.

Appellant now alleges the military judge erred by accepting his plea of guilty to the charge of uttering worthless drafts (Charge III and its Specification) since the specification did not identify the drafts sufficiently to protect appellant from further prosecution on the same instruments, and was therefore legally insufficient. We disagree and affirm.

The specification in question is as follows:

> In that Specialist Four William E. Carter, US Army, 201st Aviation Company, 52d Aviation Battalion, did, at numerous Korea Area Exchange Branches, Camp Humphreys Area Club Systems, Osan Class VI Annex, and Osan Base Billeting Office, in Korea, from about 14 July 1984, to about 21 December 1984, with intent to defraud and for the procurement of lawful currency and things of value, wrongfully and unlawfully utter to the Korea Area Exchange Branches, Camp Humphreys Area Club Systems, Osan Class VI Annex, and Osan Base Billeting Office, Korea, drafts for the payment of money, and things of value, for a total amount of $757.10, more or less, drawn upon the San Diego Federal Credit Union of Korea, made payable to Cash, The Korea Area Exchange Branches, Osan Class VI Annex, and Osan Base Billeting Office, Osan Korea, and signed William E. Carter, then knowing that he, the maker thereof, did not or would not have sufficient finances in or credit with said credit union for the payment of said drafts in full upon their presentment, said offenses occurring outside the territorial limits of the United States.[1]

---

1. The specification set forth reflects the exceptions and substitutions entered by the military judge in his findings of guilty.

This Court has considered the "mega-spec" issue before and in *United States v. Carter,* SPCM 19665 (ACMR 10 Sep. 1984) (unpub), held that "time and effort would be saved" by such a consolidation of charges. We see no reason to reverse our approval of such a practice when utilized by the government.

 A specification is legally sufficient if it contains the elements of the offense charged; sufficiently apprises the defendant of what he must be prepared to meet; and, when considered with the record, prevents any possibility of further trial on those charges. *United States v. Garcia,* 18 M.J. 539 (ACMR 1984), citing *United States v. Schwarz,* 15 M.J. 109, 111 (CMA 1983). In the instant case, appellant claims the last test has not been met. We disagree. Any draft drawn by appellant on the San Diego Federal Credit Union of Korea between 14 July 1984 and 21 December 1984 and made payable to one of the named payees would be subject to a defense of former jeopardy unless the government could conclusively show it was not covered in these proceedings.

In addition to the details of the twenty checks contained in the allied papers, we note that the Air Force Court of Military Review in *United States v. Grubbs,* 13 M.J. 594 (AFCMR), *pet. denied,* 14 M.J. 138 (CMA 1982), held a similar specification sufficient to protect against former jeopardy.

The Air Force Court in *Grubbs* held it is permissible to charge similar acts of misconduct as an unlawful course of conduct in a single specification even though those acts might have been charged separately. This practice provides significant benefit to both the military justice system and to individual appellants. The latter would have the advantage of facing a lesser maximum punishment at trial and the former would benefit from a substantial reduction in paperwork. We add our support to this position.

The remaining assignment of error raised by appellant and briefed by counsel is deemed without merit.[2] Accordingly, the findings of guilty and the sentence are affirmed.

Judge PAULEY and Judge De GIULIO concur.

---

**2.** *United States v. Grostefon,* 12 M.J. 431 (CMA 1982).