UNITED STATES

v.

**Staff Sergeant Charles M. ENGLISH, FR 587–86–9518, United States Air Force.**

ACM 26216.

U.S. Air Force Court of Military Review.

Sentence Adjudged 15 May 1987.

Decided 22 Jan. 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Lieutenant Colonel Patrick C. Sweeney.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Lieutenant Colonel Morris A. Tanner, Jr. and Captain Marc Van Nuys.

Before SESSOMS, LEWIS and BLOMMERS, Appellate Military Judges.

## DECISION

LEWIS, Judge:

Pursuant to his pleas the appellant was found guilty of forgery in violation of Article 123, U.C.M.J., 10 U.S.C.A. § 923, and six specifications of uttering worthless checks in violation of Article 123a, U.C.M.J., 10 U.S.C.A. § 923a. A military judge, sitting alone, imposed a sentence including a bad conduct discharge, confinement for two years and reduction to airman basic. This sentence was approved by the general court-martial convening authority. This action was consistent with the terms of a pretrial agreement which, among other things, limited approval of confinement to two years.

By assigned error the appellant argues that the specification purporting to allege forgery fails to state an offense. We disagree. The appellant was attempting to obtain a loan from a German bank. In furtherance of this effort he typed a letter ostensibly from a Staff Sergeant Sims, a nonexistent accounting assistant, reflecting that the appellant's pay would be deposited in the bank on a monthly basis. The appellant provided this letter to the bank and obtained the loan. The specification sets forth the letter as the forged instrument and alleges that it served as "assurance that the ... [appellant] would be able to repay the loan." The government's theory was that the falsely made letter effected a change in the bank's legal rights or liabilities by inducing the loan to the appellant. M.C.M., Part IV, paragraph 48c(4) (1984).

The appellant argues that the instrument does not, on its face, serve to alter the bank's legal rights or liabilities. Therefore, it is urged, it is incumbent on the government to allege the extrinsic facts demonstrating that the document had such an effect, citing our recent decision in *United States v. Powell*, 24 M.J. 603, 606 (A.F.C.M.R.1987). We conclude that the government accomplished that in this case. By alleging that the false letter was assurance to the bank that the appellant would be able to repay the loan, the specification placed the appellant on adequate notice of the prosecution theory. We are not troubled that the information related by the appellant during the providence inquiry is not identical on the question of what motivated the letter with the recitation which was agreed to by the parties in the stipulation of fact. The appellant advised the military judge that a bank representative requested a letter from the appellant's "employer" to the effect that the appellant could repay the loan. On the other hand, the stipulation reflects that the letter was furnished in response to a bank requirement for establishment of an allotment in the amount of the monthly payments. In any event, the record is undisputed that the letter subsequently made and delivered by the appellant provided sufficient assurance to the bank representatives to negotiate the loan. The specification adequately conveys this information and, therefore, states the offense of forgery.

We have noted a problem concerning the parties' understanding of the maximum punishment. The parties agreed that the maximum punishment included confinement for 30 years and six months. The appellant was advised accordingly by the

military judge during the providence inquiry. Based on our review of submissions of appellate counsel in response to specified issues we have concluded that the parties miscalculated the maximum punishment. The maximum punishment, insofar as confinement is concerned, is nine years less, or 21 years and six months. The issue involved concerns the parties' interpretation of two of the worthless check specifications, Specifications 4 and 6, Charge II. Both specifications allege that the appellant uttered multiple worthless checks on divers occasions. We have approved this form of pleading for bad check offenses. *United States v. Palmer*, 14 M.J. 731 (A.F. C.M.R.1982); *United States v. Grubbs*, 13 M.J. 594 (A.F.C.M.R.1982), *pet. denied*, 14 M.J. 138 (1982). *Accord United States v. Carter*, 21 M.J. 665 (A.C.M.R.1985). However, we do not believe the appellant should be unduly penalized when the government elects, for valid reasons, to frame its specifications in this manner.

The problem in this case arises because the two referenced specifications allege worthless checks in an aggregate value in excess of $100.00. In computing the maximum punishment the parties undoubtedly determined that the maximum confinement for each of these specifications was five years. M.C.M., Part IV, paragraph 49e(1)(b) (1984). On the other hand, the maximum confinement for uttering a worthless check of $100.00 or less is only six months. M.C.M., Part IV, paragraph 49e(1)(a) (1984). The anomaly resulting in this case is readily apparent from a review of the record. Specification 4, Charge II, alleges that the appellant uttered worthless checks in a total amount of $200.00. The stipulation of fact reflects that the checks in question were two checks of $100.00 each. The maximum confinement which the appellant might have been subjected to for these offenses if the checks had been alleged in separate specifications is one year. Specification 6, Charge II, alleges the uttering of worthless checks in a total amount of $104.30. The stipulation reflects five checks, each of which was well under $100.00 in amount. Even if these checks had been alleged in five separate specifications, the appellant would have faced a maximum confinement of only two years and six months.

◼ The Army Court of Military Review addressed this situation recently in *United States v. Poole*, 24 M.J. 539 (A.C.M.R. 1987), *pet. granted*, 25 M.J. 167 (1987), and held that the punishment for a multiple worthless check specification should be determined based on the dollar amount of the largest check included within the specification. We have reviewed the Army Court's rationale and find it persuasive insofar as the resolution of this case is concerned.

◼ We find that the appellant's pleas of guilty were provident notwithstanding the erroneous advice concerning his maximum exposure to confinement. While the nine year error in maximum punishment calculation was not insignificant, the maximum confinement which should have been recognized is still substantial by most measures. We are satisfied by the circumstances of this case that the appellant's pleas of guilty were not viewed by him as "the only means of avoiding a crushing sentence." *United States v. Hunt*, 10 M.J. 222, 224 (C.M.A. 1981). *See also United States v. Walls*, 9 M.J. 88 (C.M.A.1980).

◼ Under the circumstances of this case we conclude that a reassessment of the appellant's sentence is appropriate based upon the military judge's misapprehension as to the maximum confinement which might be adjudged. We are mindful that the appellant was the beneficiary of a pretrial agreement which limited his exposure to confinement to the precise amount adjudged. However, this agreement was negotiated when the parties' presumed understanding as to maximum confinement was consistent with their expressed understanding at trial. Additionally, we were recently reminded that a pretrial agreement sentence limitation is not a reliable guideline when considering the appropriateness of sentence reassessment on appellate review. *United States v. Kinman*, 25 M.J. 99, 101 (C.M.A.1987). We approve only so much of the sentence as provides for a bad conduct discharge, confinement for 18

months and reduction to airman basic. We conclude that the reassessed sentence is appropriate under the circumstances. We are convinced that it is no greater than would have been adjudged if the military judge had applied the maximum punishment we have determined to be correct in this case.

The findings of guilty and the sentence, as reassessed, are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge SESSOMS and Judge BLOMMERS concur.