# UNITED STATES

v.

**Airman First Class Willard E. REED, Jr., FR 275–68–1828, United States Air Force.**

**ACM 26745.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 18 Feb. 1988.

Decided 7 July 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Lieutenant Colonel Patrick C. Sweeney.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Captain Marc Van Nuys.

Before LEWIS, MICHALSKI and BLOMMERS, Appellate Military Judges.

## DECISION

LEWIS, Senior Judge:

The appellant was found guilty of making and uttering worthless checks with intent to defraud at divers times, wrongful use of cocaine, wrongful distribution of cocaine, and three specifications of failure to go to his appointed place of duty. He entered pleas of guilty to all offenses except wrongful distribution of cocaine. The appellant pleaded guilty to the lesser included offense of attempted wrongful distribution of cocaine, but he was found guilty of the charged offense following a trial on the merits before the military judge, sitting alone. His sentence, as adjudged and approved, extends to a bad conduct discharge, confinement for 21 months, forfeiture of $400.00 per month for 21 months and reduction to airman basic. Appellate defense counsel have assigned two errors, both of which require discussion.

The appellant's pleas of guilty were entered pursuant to a pretrial agreement which provided, among other things, that he would waive his right to a trial by members and elect to be tried by the military judge, sitting alone. As we indicated in our discussion in *United States v. Dorsey*, 26 M.J. 538 (A.F.C.M.R.1988), such a negotiated waiver of rights by an accused was invalid in accordance with a broadly worded prohibition previously found in Air Force Regulation 111-1, Military Justice Guide, para. 4–5h (Aug 1984). However, Interim Message Change 87–5 to the directive, effective 1 December 1987, eliminated the prohibition. 26 M.J. at 539. The former regulatory prohibition was not in effect on the date of the appellant's court-martial. We must, therefore, consider the appellant's negotiated waiver of trial by

members in the light of generally applicable military legal authorities.[1]

The 1984 Manual authorizes pretrial agreement provisions whereby an accused may waive certain specified rights, including the right to trial by members. R.C.M. 705(c)(2)(E). However, the United States Court of Military Appeals in two opinions issued since the adoption of the new Manual has clearly signalled that such provisions require special scrutiny. For a review of the Court's earlier treatment of the general subject, see *United States v. Holland*, 1 M.J. 58 (C.M.A.1975), which stands for the broad proposition that a pretrial agreement may not deprive the accused of a fair trial. In *United States v. Jones*, 23 M.J. 305 (C.M.A.1987), the Court considered a provision in a pretrial agreement entered into by an Army accused whereby he agreed not to contest the validity of any search and seizure or out-of-court identification issues pertaining to his court-martial. The Court held that such a provision is valid, but only if it "is shown to have voluntarily originated from appellant." *Id.*, at 306. The Court was satisfied from the substance of the military judge's inquiry of the accused concerning his understanding of the provisions of the agreement[2] that "the waiver provision originated with appellant to induce the convening authority to accept the overall proposal." *Id.*, at 307. While upholding the providence of the plea and the findings of guilty, Judge Sullivan, writing for the Court, cautioned as follows: "Let there be no mistake, however: we will continue to strike hard where the circumstances describe a command-sponsored clause which would violate the institutional safeguards

an accused has under the Uniform Code." *Id.*, at 308. The Court concluded that the record failed to indicate the presence of command pressure on the accused and his counsel to propose or otherwise accept the waiver provision in order to secure the agreement.[3]

In *United States v. Zelenski*, 24 M.J. 1 (C.M.A.1987), the Court reviewed a pretrial agreement whereby the accused, a Marine, agreed to be tried by a military judge, sitting alone, as did the appellant in the case before us. The Court reaffirmed existing precedent in indicating that such a provision would not be upheld on appeal unless it "was a freely conceived defense product." *Id.*, at 2, citing *United States v. Schmeltz*, 1 M.J. 8, 12 (C.M.A.1975). *See also United States v. Schaffer*, 12 M.J. 425, 427 (C.M.A.1982) (provision waiving an Article 32 Investigation). While the Court in *Zelenski* noted that the military judge failed to query the accused concerning the origin of the provision in question, this failure did not require that the pretrial agreement be invalidated and the pleas of guilty declared improvident. Post-trial affidavits satisfied the Court that the provision had not originated with the command, a suggestion that had apparently arisen during oral appellate argument. 24 M.J. at 2.[4]

■ The military judge did not specifically query the appellant concerning the origin of the provision that he would request trial by military judge. However, based on our review of the entire record, we conclude that this omission does not require that we invalidate the agreement nor the pleas rendered pursuant thereto. The of-

1. The short era of *United States v. Saulter*, 23 M.J. 626 (A.F.C.M.R.1986), and cases following in its wake appears to have passed. In this decision we examine the basics of what has been happening in military law generally insofar as pretrial agreements are concerned while we in the Air Force have been absorbed with our former regulatory prohibition.

2. *United States v. Green*, 1 M.J. 453 (C.M.A. 1976).

3. Judge Cox, concurring in the result, expressed the view that the origin of a particular restric-

tive pretrial agreement provision might be very difficult to identify in certain cases. He stated that this was not an appropriate basis for determining the validity of pretrial agreements. 23 M.J. at 308–309.

4. Not all members of this Court have viewed post-trial affidavits with enthusiasm. *See generally United States v. Wheatcraft*, 23 M.J. 687, 689 (A.F.C.M.R.1986). More recently the question of the weight to be accorded post-trial affidavits was the primary point of departure among members of this Panel in a split decision, *United States v. Saul*, 26 M.J. 568 (A.F.C.M.R.1988).

fer for pretrial agreement contains the following language: "This offer originated with me and my counsel, and no one has attempted to force me to make this offer or to plead guilty." This language conforms to that recommended for inclusion in offers for pretrial agreements in Air Force courts-martial. AFR 111-1, *supra,* Figure 4-1, para. 2 (Aug 1984). The military judge queried the appellant as to the truthfulness of the cited statement and received an affirmative response. Thus, the offer as written and as supplemented by the appellant's response to the military judge's inquiry suggests that the entire offer and subsequent agreement originated with the appellant and his counsel. This suggestion is certainly bolstered in this instance by the nature of the inquiry the military judge did conduct with the appellant concerning the provision for trial by military judge. In reply to the military judge's queries concerning the effect of the provision on the appellant's exercise of his options, the appellant stated that he would have requested trial by military judge, sitting alone, even without the pretrial agreement. In this case, we feel secure in inferring that the provision was a freely conceived defense product and that it originated with the appellant and his counsel.

■ In view of *Jones* and *Zelenski,* we encourage military judges to pose specific questions concerning any provision of a pretrial agreement which purports to waive defense rights at trial notwithstanding our disposition in this case. Such inquiry should elicit as a minimum a clear understanding of the origin of the provision and an assurance by all parties that the provision was not prompted by command or other government representatives.

■ Appellate counsel for both sides have noted that the military judge applied an excessive maximum punishment, including confinement for five years instead of six months, for the offense of uttering worthless checks on divers occasions. MCM, Part IV, paragraphs 49e(1)(a), (b) (1984). The worthless check specification included eight instruments in excess of $100.00 in total face value, but with no single check of a value of at least $100.00. Thus, the lower maximum punishment should have been applied in view of our decision in *United States v. English,* 25 M.J. 819 (A.F.C.M.R.1988), which adopted, in part, the rationale of *United States v. Poole,* 24 M.J. 539 (A.C.M.R.1987).[5] We reassess the sentence in light of this error and find it nonetheless appropriate. In light of the number and seriousness of the appellant's offenses considered as a whole we are convinced that the sentence is no greater than would have been adjudged if the military judge had applied the correct maximum punishment at trial.

The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Judges MICHALSKI and BLOMMERS concur.

---

5. We note that our opinion in *English* was issued very shortly before the trial of the case before us and, presumably, was not known to the military judge. Additionally, one of the members of this Panel has voiced concern during our consideration of this issue that *English* might be viewed by trial participants in some future case in much broader terms than was intended. We emphasize, therefore, that we view the rule in *English* and *Poole* as applicable solely to bad check specifications charged as violations of Article 123a, UCMJ, 10 U.S.C. § 923a.