UNITED STATES

v.

**Rico C. EDWARDS, Private First Class
(E–2), U.S. Marine Corps.**

NMCM 200000166.

U.S. Navy–Marine Corps Court
of Criminal Appeals.

Sentence Adjudged 21 June 1999.

Decided 18 Dec. 2000.

LT William Coe, JAGC, USNR, Appellate
Defense Counsel.

LT Eric Eversole, JAGC, USNR, Appellate Defense Counsel.

LCDR Philip Sundel, JAGC, USNR, Appellate Government Counsel.

Before LEO, Senior Judge, ANDERSON
and NAUGLE, Appellate Military Judges.

LEO, Senior Judge:

In accordance with his pleas, the appellant was convicted before a military judge sitting as a special court-martial of willful disobedience towards a superior commissioned officer, drunken and reckless operation of a vehicle, wrongful use of marijuana, and breaking restriction, in violation of Articles 90, 111, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 911, 912a, and 934. He was awarded a bad-conduct discharge and confinement for 120 days. In accordance with the pretrial agreement, the convening authority approved the sentence as adjudged, but suspended all confinement in excess of 45 days for a period of six months from date of the adjudged sentence.

We have examined the record of trial, the assignment of error, and the Government's response. After taking the corrective action described below, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

The appellant was tried on 21 June 1999. He contends that he is entitled to *Pierce*

credit [1] for nonjudicial punishment [NJP] that was previously awarded to him on 18 March 1999, at an administrative proceeding under Article 15, UCMJ, 10 U.S.C. § 815, on the marijuana charge presently before the court in the Specification under the Additional Charge. We agree.

During the presentencing phase of the trial, the Government introduced the record of the appellant's NJP into evidence. *See* Prosecution Exhibit 2 at 9. It was admitted without defense objection. Neither counsel advised the military judge that it referred to the same marijuana offense as the one alleged on the charge sheet, nor did the appellant ever make a request to the military judge or to the convening authority for *Pierce* credit.

Article 15(f), UCMJ, states, "[T]he fact that a disciplinary punishment has been enforced may be shown by the accused upon trial, and when so shown *shall be considered* in determining the measure of punishment to be adjudged in the event of a finding of guilty." (Emphasis added.) In *United States v. Pierce*, 27 M.J. 367, 369 (C.M.A. 1989), our superior Court clarified this provision by stating that a service member cannot be "twice *punished* for the same offense" nor can the fact of the NJP "be exploited by the prosecution at a court-martial for the same conduct." The Court further declared that, if an accused has previously received NJP for an offense presently before his court-martial, "[he] must be given *complete* credit for any and all [NJP] suffered: day-for-day, dollar-for-dollar, stripe-for-stripe." *Id.*

The Government argues that the marijuana offense described in the NJP record, Prosecution Exhibit 2 at 9, has not been shown to be the same as the marijuana offense alleged on the court-martial charge sheet. We disagree. First, both of them occurred on or about 8 March 1999. Second,

the trial defense counsel stated in his sentencing argument that the appellant had never been in trouble before. In the absence of contrary evidence, we are persuaded that they refer to the same offense.

Citing *United States v. Gammons*, 51 M.J. 169 (1999) and *United States v. Fuson*, 54 M.J. 523 (N.M.Ct.Crim.App.2000), the Government also argues that the appellant essentially waived any claim for NJP credit by failing to request it at trial or in any of his post-trial clemency requests. We believe the Government is incorrect in its interpretation of these two cases. "Article 15(f) establishes the accused as the gatekeeper with respect to consideration of an NJP record during a court-martial involving the same act or omission." *Gammons*, 51 M.J. at 179. "If the accused, as gatekeeper, chooses not to introduce evidence of a prior NJP [involving the same act or omission], the prosecution normally will be precluded from introducing or commenting on such a record." *Id.* at 180. However, if the accused chooses to introduce the prior NJP, it must be considered in determining punishment. Art. 15(f), UCMJ. We interpret the doctrine of waiver to apply to alleged errors related to the consideration of an NJP; e.g., an accused's claim that the prosecution improperly introduced or commented on the NJP at trial when the accused failed to object or that the convening authority erred by failing to consider the NJP when the accused did not bother to bring it to the convening authority's attention.[2] *Id.* at 181, 183; *Fuson*, 54 M.J. at 526. An accused's absolute entitlement to NJP credit under *Pierce*, however, is a separate issue to which waiver does not apply.

The broad language in the dicta of *Gammons* implies that an accused may request NJP credit at any time, including during appellate review by this court.[3] *Gam-*

---

1. *United States v. Pierce*, 27 M.J. 367 (C.M.A. 1989).

2. The proper remedy for such error, if not waived, may include a sentence rehearing or reassessment.

3. As a practical matter, however, a timely request at trial by an accused offers the best oppor-

tunity for compliance with the *Pierce* mandate of "day-for-day, dollar-for-dollar, stripe-for-stripe" credit. By the time an accused's record is reviewed by a convening authority or an appellate court, the window of opportunity for meaningful relief, particularly if it involves confinement, may well have closed.

 

*mons*, 51 M.J. at 184. Since the appellant has now made such a request, we are required to ensure that his sentencing interests are fully vindicated by specifying the credit to be applied against his sentence. *Id.* In this case, the appellant was awarded NJP on 18 March 1999; however, execution of the NJP did not commence until his appeal was denied on 4 May 1999. *See* Prosecution Exhibit 2 at 9. His NJP consisted of a reduction to pay grade E–2, forfeiture of $537 pay per month for two months, and concurrent restriction and extra duty for 45 days. *Id.* When the appellant violated his NJP-imposed restriction on 13 May 1999, he was placed in pretrial confinement, where he remained until his trial. Accordingly, we find that the appellant served nine days of restriction and extra duty for which he should receive credit, in addition to the forfeitures and reduction in pay grade that he suffered.

Utilizing the Table of Equivalent Punishments, MANUAL FOR COURTS MARTIAL, UNITED STATES (1969 ed.), ¶ 127c,[4] and our own assessment of an appropriate credit where an equivalent punishment is not listed in the table, we have determined that the appellant is entitled to 48 days of confinement credit, as follows: (1) five days and six days, respectively, for the nine days of restriction and extra duty; (2) 30 days for the forfeiture of one-half month's pay for two months; and (3) seven days for the reduction in rate (based on the approximate difference in pay between E–2 and E–3 over a two-month period from the date of denial of the appellant's NJP appeal to the date of his trial). Since the appellant's pretrial agreement does not dictate otherwise, the confinement credit will be applied against the sentence adjudged. *United States v. Rock*, 52 M.J. 154, 156–57 (1999).

Accordingly, we affirm the findings and only so much of the sentence as provides for a bad-conduct discharge and 72 days confinement.[5]

Judge ANDERSON and Judge NAUGLE concur.

**UNITED STATES**

---

4. Although the 1969 edition of the MCM is not currently in effect, our superior Court, nonetheless, has referred to the Table of Equivalent Punishments as a useful guide in applying Pierce credit to court-martial sentences. See *Gammons*, 51 M.J. at 183–84; *Pierce*, 27 M.J. at 369.

5. Although a sentence is normally not adjusted for confinement credit, we do so in this instance to assure that the appellant is not twice punished. *See Pierce*, 27 M.J. at 370.