# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Edgar A. ANASTACIO
### Seaman Recruit (E-1), U.S. Coast Guard

## CGCMS 24208

## Docket No. 1149

## 10 April 2002

Special Court-Martial convened by Commanding Officer, USCGC ACUSHNET (WMEC 167). Tried at Ketchikan, Alaska, 19 December 2000.

| | |
|---|---|
| Military Judge: | CAPT Robin K. Kutz, USCG |
| Trial Counsel: | LT(jg) Rachel B. Bralliar, USCGR |
| Assistant Trial Counsel: | LT(jg) David E. O'Connell, USCGR |
| Detailed Defense Counsel: | LT Kana Yang, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel | LT Sandra J. Miracle, USCG |

## BEFORE
## PANEL TEN
## BAUM, BRUCE, & CAHILL
Appellate Military Judges

CAHILL, Judge:

Appellant was tried by special court-martial before a military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of wrongful distribution of marijuana, one specification of wrongful use of marijuana, one specification of wrongful distribution of LSD, one specification of wrongful use of LSD, and one specification of wrongful possession of marijuana on board a Coast Guard cutter, in violation of Article 112a of the Uniform Code of Military Justice (UCMJ). Appellant was sentenced to forfeiture of $600 pay per month for six months, six months confinement, and a bad-conduct discharge. The convening authority approved the sentence as adjudged and, except for the bad conduct discharge, ordered it executed. In accordance with the pretrial agreement, the convening authority suspended confinement in excess of 150 days for twelve months from the date of trial.

Appellant has assigned one error – that the military judge erred by failing to adjudicate and state, on the record, specific credit to which the accused was entitled for prior non-judicial punishment for wrongful use of marijuana. He now asks this court to disapprove all confinement in excess of 62 days and to either disapprove the adjudged forfeitures or reduce the period of the adjudged forfeitures to two months to coincide with the reduced length of approved confinement. Although not specifically raised on appeal, we believe we must also determine if, under *United States v. Gammons*, 51 M.J. 169 (CAAF 1999), the military judge erred by allowing trial counsel to introduce the record of non-judicial punishment.

The Appellant pled guilty to five specifications involving distribution, possession, and use of illegal drugs. The specification at issue on appeal alleged that the accused did, "from on or about September 1999, to on or about March 2000, wrongfully use marijuana on multiple and diverse [sic] occasions." During the providence inquiry, Appellant said that he used marijuana "two or three times a month" during this period, typically smoking "about two" pipes-full of marijuana on the occasions that he used marijuana, but did not identify specific dates on which he used marijuana. The military judge accepted Appellant's guilty pleas to the charge and all specifications.

During the government's sentencing case, the trial counsel offered a number of exhibits which she characterized as "administrative remarks and other items included in [Appellant's] PDR, his unit PDR, and other personnel records . . . ." Detailed defense counsel objected to some of the prosecution exhibits, but did not object to admission of Prosecution Exhibit 10, a copy of a "Report of Offense and Disposition" form dated 6 April 2000 alleging that Appellant wrongfully used marijuana "as proven by legal urinalysis reported from Ketchikan General Hospital to CGC ACUSHNET ooa 05 April 2000." The military judge sustained detailed defense counsel's objection to one prosecution exhibit and admitted the remaining exhibits, including Prosecution Exhibits 10 and 11.[1]

The second page of Prosecution Exhibit 10 indicates that Commanding Officer, USCGC ACUSHNET, imposed non-judicial punishment on 11 April 2000.[2] He restricted Appellant for 45 days, ordered forfeiture of $550 per month for two months, reduced the accused to pay grade E-1, and awarded 45 days extra duties.[3] The Appellant was again awarded non-judicial punishment for a drug-related offense in May 2000.[4]

---

[1] Prosecution Exhibit 11 is a copy of a laboratory report bearing Appellant's social security number and indicating that a "post-accident" specimen collected on 19 March 2000 tested positive for cannabinoids.

[2] Prosecution Exhibits 12 and 13, both dated 31 March 2000, alleged that Appellant had wrongfully consumed alcohol on 18 March 2000, had failed to obey an order or regulation by consuming alcohol, and had made a false official statement by claiming that he had not consumed alcohol. The record does not show the disposition of the offenses alleged in Prosecution Exhibits 12 and 13, so it is not possible to tell whether those additional offenses were considered as part of the 11 April non-judicial punishment proceeding, were considered at a separate non-judicial punishment proceeding, or if no action was taken.

[3] Forfeiture of one month's pay was suspended for 4 months. According to Prosecution Exhibit 4, that suspension was vacated on 19 May 2000. The Court notes that $550 was more than 1/2 of Appellant's monthly pay as an E-1 and therefore exceeded the Commanding Officer's authority to impose forfeitures under Article 15. The Appellant may administratively seek return of any excessive forfeitures, but that is beyond the scope of this Court's jurisdiction.

[4] Prosecution Exhibit 6, a "Page 7" administrative remarks entry dated 18 May 2000, indicates that the accused was found to be in possession of "marijuana paraphinalia" [sic] on board CGC ACUSHNET on 15 May 2000.

No other mention was made of Appellant's prior non-judicial punishment for marijuana use until trial counsel referred to Appellant's positive drug test and subsequent non-judicial punishment during her closing argument. At that point, trial counsel said,

> Now, I want to make a distinction between that pop and the evidence that was heard here at trial when we talk about multiple and divers occasions. That is covering situations that were not already covered at the previous mast. But this is an enhancing factor of a previous mast, which indicates [Appellant's] history in the Coast Guard . . . .

On appeal, Appellant claims that the non-judicial punishment imposed on 11 April 2000 was for a use of marijuana that was also included in the course of conduct alleged in specification 2 of the Charge to which he pled guilty at court-martial, and that the military judge erred by not expressly awarding credit against his court-martial sentence pursuant to Article 15 (f), UCMJ, 10 U.S.C. § 815(f), and *United States v. Pierce*, 27 M.J. 367 (CMA 1989). He asks us to adopt the Navy and Marine Corps Court of Criminal Appeals' approach in *United States v. Edwards*, 54 M.J. 761 (N.M.Ct.Crim.App. 2000), not applying waiver and allowing an Appellant to seek credit for non-judicial punishment on appeal whether or not credit was requested from the trial judge or convening authority.

Specification 2 of the charge alleged that Appellant wrongfully used marijuana on multiple and divers occasions from September 1999 to March 2000. Consolidated specifications are not only permitted, but have "become commonplace in charging drug offenses." *United States v. Grubbs*, 13 M.J. 594, 596 (AFCMR 1982). "Such pleading reduces the maximum punishment the accused must face, and normally simplifies the trial and the post-trial review of the case." *Id.* Such a specification may be viewed as alleging that the accused engaged in an ongoing course of conduct throughout the stated period. "When it does so, a second charge alleging an individual criminal act of the same nature on a date within the charged period is multiplicious for findings." *United States v. Gill*, 37 M.J. 501, 510 (AFCMR 1993) (citing *United States v. Maynazarian*, 12 U.S.C.M.A. 484, 31 C.M.R. 70 (CMA 1961); *United States v. Stephenson*, 25 M.J. 816 (AFCMR 1988), *pet. denied*, 26 M.J. 224 (CMA 1988)). By analogy, an Appellant is entitled to *Pierce* credit for prior non-judicial punishment imposed for an offense of the same nature within the time period alleged in a course of conduct specification subsequently tried by court-martial.

We must review the record to determine if Appellant has been erroneously denied the sentence credit he seeks. In this case, it is not necessary for us to decide whether it is appropriate to apply waiver and plain error when an accused seeks sentence credit pursuant to *United States v. Pierce, supra*, for the first time on appeal to this Court. While we do not necessarily agree with the decision of the Navy-Marine Corps Court of Criminal Appeals in *Edwards, supra*, that waiver and plain error should not be applied in such a case, here, we find that Appellant has failed to establish that he was erroneously denied sentence credit even if we consider the

---

Prosecution Exhibit 5, a letter dated 19 May 2000 from Commanding Officer, CGC ACUSHNET to Appellant, indicates that Commanding Officer, CGC ACUSHNET, awarded the accused 30 days of correctional custody as non-judicial punishment on 19 May 2000, but the record does not contain a "Report of Offense and Disposition" for that non-judicial punishment proceeding.

sentence credit issue *de novo*. In so doing, we hold that Appellant has the burden of proof to establish that the prior non-judicial punishment was for a use of marijuana included in the course of conduct that was charged in specification 2 of the Charge at his court-martial. This holding is based on the fact that Appellant is the proponent of the request for sentence credit before us, and he would have borne the same burden of proof if he had sought this sentence credit at trial.

Based on the record of trial, we find that Appellant was hospitalized on 19 March 2000. While hospitalized on that date, a urine sample was taken from the Appellant, and tested for the presence of a series of illegal drugs. The results of the drug testing, Prosecution Exhibit 11, show that Appellant tested positive for cannabinoids. This positive drug test report, from the urine sample taken from Appellant on 19 March 2000, led to the non-judicial punishment on 11 April 2000, documented by Prosecution Exhibit 10. At some point after Appellant's hospitalization on 19 March 2000, he decided to make a clean breast of his more extensive use of illegal drugs. His admissions to Coast Guard authorities led to the preferral of the drug use, distribution, and possession charges, on 22 November 2000, for which Appellant was court-martialed.

Our first step in deciding if Appellant is entitled to sentence credit is to compare the language of specification 2 of the Charge against the record of non-judicial punishment to determine if the course of conduct of which the Appellant was convicted embraces the use of marijuana for which he was non-judicially punished. In this case, the dates in both Specification 2 and in the record of non-judicial punishment are ambiguous. If read literally, the course of conduct charged in specification 2 only embraces wrongful use of marijuana until near the beginning of March 2000 ("to March" vice "through March"). The record indicates that the non-judicial punishment imposed on 11 April 2000 was based upon a urine sample collected on 19 March 2000 and, therefore, involves a use of marijuana that could have occurred as late as 18 March 2000. Even though a person who regularly uses marijuana may test positive for some time after his or her last marijuana use, in this case there is no evidence of the quantitative level of THC detected, which might have suggested whether Appellant's use of marijuana was close to the time his sample was taken on 19 March 2000 or more remote from that date. Nor can Appellant point to any other evidence of the specific date of the marijuana use that resulted in his positive urinalysis.

Even for purposes of our *de novo* consideration of the sentence credit issue, we might not need to look beyond the language of specification 2 of the Charge and the report of non-judicial punishment, Prosecution Exhibit 10, if it were clearer from these records when the charged course of conduct ended or when the offense disposed of by non-judicial punishment occurred. Under the circumstances of this case, we will look beyond the language of the specification and record of non-judicial punishment to attempt to see if there is probative evidence which may resolve the ambiguity. At trial, Appellant admitted to wrongfully using marijuana two or three times each month throughout the charged period, but not to any use on a specific date that may have resulted in the positive urinalysis that served as the basis for non-judicial punishment. In contrast, the record contains an undisputed statement by trial counsel that the specification did not include the misconduct that was the subject of the prior non-judicial punishment. Although made during argument, this uncontested statement at trial was the only direct reference to whether the course of conduct charged in specification 2 of the Charge included the use of

marijuana disposed of at the earlier non-judicial punishment proceeding.  The Appellant has failed to persuade us that he received non-judicial punishment for the *same* offense for which he was convicted.

Next we must decide if the military judge committed plain error by allowing trial counsel to introduce the record of non-judicial punishment, Prosecution Exhibit 10.  *See Gammons*, *supra*.  Having determined *de novo* that the military judge did not commit error in failing to grant Appellant sentence credit, we find that the trial judge did not commit plain error when he allowed trial counsel to introduce the record of non-judicial punishment.  Appellant has not established even the first requirement for showing plain error – that there was an error.  *Id.*  If, as we have already found, Appellant cannot establish that the course of conduct charged in specification 2 of the Charge included the use of marijuana that was disposed of at the earlier non-judicial punishment proceeding, there was no error in admitting the record of non-judicial punishment, Prosecution Exhibit 10.  However, even when no objection is raised by defense counsel, military judges must be sensitive whenever there may be a relationship in time and nature between a prior non-judicial punishment and an act charged.  Trial counsel must also pay close attention to drafting charges and ensure that charges and specifications, as written, are consistent with their charging decision.

We have reviewed the record in accordance with Article 66, UCMJ.  Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved.  Accordingly, the findings of guilty and the sentence, as approved and partially suspended below, are affirmed.

Chief Judge BAUM and Judge BRUCE concur.



For the Court,


Kevin G. Ansley
Clerk of the Court