UNITED STATES, Appellee

v

WINSTON E. DAVIS, Specialist Four,
U. S. Army, Appellant

16 USCMA 207, 36 CMR 363

No. 19,102

April 22, 1966

*Captain Melvin K. Najarian* argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph L. Chalk* and *Lieutenant Colonel Jacob Hagopian.*

*Captain Louren R. Wood* argued the cause for Appellee, United States. With him on the brief were *Colonel Joseph J. Crimmins* and *Lieutenant Colonel Francis M. Cooper.*

## Opinion of the Court

FERGUSON, Judge:

Tried by a general court-martial convened by the Commanding General, Headquarters Fort Riley, Fort Riley, Kansas, the accused twice refused the services of appointed defense counsel and elected to represent himself. He was duly convicted of forgery, larceny, two specifications of disobedience of a lawful order, and failure to repair to his place of duty, in violation of Uniform Code of Military Justice, Articles 123, 121, 92, and 86, 10 USC §§ 923, 921, 892, 886, respectively. The adjudged sentence extended to dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for five years, and reduction. The convening authority reduced the period of confinement to two years, but otherwise approved. The board of review affirmed the findings of guilty, but further reduced the imposed and approved confinement to eighteen months. We granted accused's petition for review upon the assigned issue:

"The law officer erred in instruct-

ing that the maximum imposable punishment for the conviction of . . . larceny included confinement for five years. The specification, which alleges the larceny to have occurred in three widely scattered areas of the United States, is duplicitous on its face."

The specification in question alleges:

"In that Specialist Four (E–4) Winston E. Davis, US Army, Company C, 121st Signal Battalion, Fort Riley, Kansas, did, at *Brooklyn, New York, Fort Sheridan, Illinois, and Fort Riley, Kansas, between 16 June 1964 and 6 October 1964* steal US Currency of a value in excess of $50.00 the property of the United States Government." [Emphasis supplied.]

The theory of the Government at the trial, supported by the evidence adduced, apparently was that accused obtained overpayments totalling at least $77.96, during the period alleged by representing, on each of several separate occasions, to different finance officers in different places, that he was serving in the grade of sergeant when, in fact, he had been reduced to corporal by means of a previous court-martial sentence.

It further appears that accused received a summary court-martial while serving in Europe, just before his departure for the United States. The adjudged and approved sentence extended to restriction and reduction from sergeant to corporal. He was later laterally redesignated as a Specialist E–4. During his rotation to the United States, Specialist Davis was in possession of his service and pay records. He deleted all references therein to his court-martial and caused it to indicate he was yet a sergeant. On the basis of these records, he obtained casual payments from U. S. Army Finance Officers at Brooklyn, New York, and Fort Sheridan, Illinois, on August 3, 1964, August 13, 1964, and September 1, 1964. On October 6, 1964, he received further payment from another Finance Officer, upon reporting to Fort Riley. All these payments were based upon accused's representation that he was a sergeant

and the changes in his record to conceal his reduction. As a result, he received overpayments, totalling at least $77.96.

The total sum, according to the United States, may be properly charged as a single larceny of monies in excess of $50.00, thereby making a sentence to confinement for five years permissible. It urges accused's thefts, taking place in different cities and separated in time by periods extending from ten days to over one month, constitute a "course of conduct" which amounts to one larceny. See United States v Means, 12 USCMA 290, 30 CMR 290. We disagree.

In the *Means* case, supra, a divided court affirmed the legal sufficiency of a specification alleging more than one use of marihuana. Chief Judge Quinn, on the basis of the decisions in Korholz v United States, 269 F2d 897 (CA10th Cir) (1959), and Hanf v United States, 235 F2d 710 (CA8th Cir) (1956), was of the view that the specification properly charged a course of conduct, "namely, continued wrongful use of marihuana." United States v Means, supra, at page 294. Judge Latimer, concurring, pointed out "a single use of marihuana may or may not be discrediting or detrimental to good order" and "proper procedure may indicate the desirability that repeated violations be shown to establish a course of conduct which would remove all doubt about the nature of accused's misbehavior." United States v Means, supra, at page 295. Discussion regarding the use of a habit-forming drug over a period of time as service discrediting conduct, however, is not controlling with respect to the allegation within a single count of legally separate offenses of larceny, thereby charging a theft, in the aggregate, of property valued in excess of $50.00. Contrary to the situation in *Means*, supra, the latter procedure results in an improper increase in the maximum sentence, whereas the former actually caused a diminution in penalty.

Nor is our decision in United States v Maynazarian, 12 USCMA 484, 31 CMR 70, of assistance to the Government's claim here. There, accused was charged with *embezzling* various sums

from funds entrusted to his care over a period of months. We unanimously deemed such a blanket allegation proper, the nature of accused's offense being embezzlement rather than, as here, separate obtainings at different times and places by one who had no duty to account for monies confided to his care. See also O'Neill v United States, 236 F2d 636 (CA6th Cir) (1956), and Smith v United States, 211 F2d 957 (CA6th Cir) (1954).

In United States v Paulk, 13 USCMA 456, 32 CMR 456, we were confronted with a situation similar to that now before us. There, the specification alleged the larceny of $352.90, the property of different persons and the United States. Looking to these allegations in light of the evidence and the Government's theory at the trial, we found an attempt by the United States to aver three separate larcenies in a single count. Of this, we declared, at page 457:

"The specification thus violates one of the rudimentary principles of pleading, for, as noted by the Manual for Courts-Martial, United States, 1951, 'One specification should not allege more than one offense either conjunctively or in the alternative.' Manual, supra, paragraph 28b. See also United States v Parker, 3 USCMA 541, 13 CMR 97; United States v Autrey, 12 USCMA 252, 253, 30 CMR 252, 253; Federal Rules of Criminal Procedure, Rule 8a; and Kotteakos v United States, 328 US 750, 90 L ed 1557, 66 S Ct 1239 (1946)."

In like manner, the larcenies by this accused from different Finance Officers on different dates and in widely separated cities are undeniably separate crimes. United States v Paulk, supra. As such, therefore, they cannot be aggregated into one count as a single larceny, thereby increasing the amount stolen to a sum in excess of $50.00 and the permissible sentence to a term of five years.

From the foregoing, prejudice is clearly apparent. Based on the specification and evidence at the trial that accused had, by means of his fraudulent scheme, received a total sum in excess of $50.00, the law officer concluded this count carried a punishment including confinement at hard labor for five years. Due to the manner in which the proof was developed, it is not possible to determine the particular sum the accused obtained in any one instance, for only a claimed total overpayment in excess of $50.00 was proven. Thus, we cannot, with exactitude, point to any amount as having been taken in any one transaction and thus gauge the punishment which might properly have been includable in the maximum sentence instruction. Under such circumstances, we deem it proper to set aside the findings of guilty, and permit reassessment on the remaining findings of guilty.

The findings of guilty of the Additional Charge and its specification are set aside. The decision of the board of review is reversed and the record of trial is returned to The Judge Advocate General of the Army. The board may reassess the sentence on the basis of the remaining findings of guilty, or order a rehearing on properly drawn counts and the penalty.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):

I am constrained to dissent for two reasons. First, in my opinion, the evidence supports a conclusion that the several acts were merely separate steps in a single scheme to cheat the Government and, therefore, properly chargeable and punishable as one offense. United States v Rosen, 9 USCMA 175, 177, 25 CMR 437. Secondly, assuming each act constitutes a separate offense, the specification alleges that the accused stole United States currency; manifestly, something of value, whatever the amount, is involved in each offense. The charge, therefore, should not be dismissed, but rather should be considered in the reassessment of the sentence.