UNITED STATES, Appellee,

v.

Private E-1 [1] Joel S. POOLE, 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, United States Army, Appellant.

ACMR 8600988.

U.S. Army Court of Military Review.

26 March 1987.

1. The convening authority's action fails to reflect that the appellant's rank should be "Private E1."

For Appellant: Major Joel D. Miller, JAGC, Major Jerry W. Peace, JAGC, Captain David C. Hoffman, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain Susan E. Fine, JAGC (on brief).

Before DeFORD, WILLIAMS, and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Senior Judge:

The appellant was tried by a military judge sitting as a general court-martial at Fuerth, Federal Republic of Germany. Pursuant to his pleas, he was found guilty of wrongfully uttering checks with intent to defraud[2] and, contrary to his pleas, he was found guilty of larceny of blank checks, in violation of Articles 123a and

---

2. Appellant was charged in six specifications with wrongfully uttering 119 worthless checks with intent to defraud in violation of Article 123a, UCMJ, 10 U.S.C. § 923a. Appellant entered pleas of guilty to 87 of the checks contained in the six specifications of Charge I. He also entered pleas of guilty to the lesser included offense of dishonorably failing to maintain sufficient funds on deposit in violation of Article 134, UCMJ, 10 U.S.C. § 934, to 32 of the checks charged within the six specifications of Charge I. The military judge refused to accept his pleas to the Article 134 offenses as they were not provident, and he was found not guilty of those offenses.

121, Uniform Code of Military Justice, 10 U.S.C. §§ 923a and 921 (1982 and Supp. II 1984)[hereinafter cited as UCMJ]. His approved sentence, pursuant to a pretrial agreement, included a dishonorable discharge, confinement for fourteen months, and forfeiture of all pay and allowances.[3]

Appellant, through counsel,[4] assigns two errors: First, the military judge erred to the substantial prejudice of appellant by improperly calculating the maximum permissible punishment for "mega-specs"; and, second, the substantial overstatement of the maximum permissible punishment rendered appellant's pleas of guilty improvident. We agree appellant was prejudiced by being misinformed of the maximum imposable punishment but believe the prejudice can be cured by reassessing the sentence.

I

The six specifications of uttering worthless checks to which appellant pled guilty described a total of 87 transactions: 30 checks in Specification 1; 21 checks in Specification 2; 1 check in Specification 3; 18 checks in Specification 4; 3 checks in Specification 5; and, 14 checks in Specification 6. The military judge advised appellant the maximum punishment included a dishonorable discharge, confinement for twenty-one years, forfeiture of all pay and allowances, and a fine payable to the United States. Because none of the checks to which appellant pled guilty exceeded the sum of $100.00, we assume the military judge determined the maximum punishment based upon the aggregate value of the checks alleged in each specification.[5]

■ Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 307(c)(4) [hereinafter cited as R.C.M.], states "[c]harges and specifications alleging all known offenses by an accused may be preferred at the same time. *Each specification shall state only one offense.*" (Emphasis added.) Consequently, the inclusion of more than one offense violated the rule and resulted in error. Trial defense counsel, however, did not object at trial and, by failing to object, waived the error. R.C.M. 905(e); *United States v. McArdle*, 27 C.M.R. 1006 (AFBR 1959). Moreover, the presence of duplicitous specifications, such as here, is only significant with regard to the maximum sentence that may be imposed. *United States v. McArdle*, 27 C.M.R. at 1015. Obviously, the trial defense counsel saw some advantage in having the 119 checks reduced to six specifications. He was apparently unaware that none of the checks warranted a dishonorable discharge whether pled jointly or severally, as he proposed a pretrial agreement which included a dishonorable discharge as a portion of the requested punishment limitation. Recently, the courts of review have approved, on at least two occasions, duplicitous specifications under Article 123a which included multiple offenses. *See United States v. Carter*, 21 M.J. 665 (A.C. M.R.1985); *United States v. Grubbs*, 13 M.J. 594 (A.F.C.M.R.), *petition denied*, 14 M.J. 138 (C.M.A.1982). None of these

3. The military judge sentenced appellant to a dishonorable discharge, confinement for two years, and forfeiture of all pay and allowances.

4. Appellant personally asserts the sentence is "inappropriately severe." We agree with respect to the type of discharge, as will be discussed in this opinion.

5. The prosecution pleaded the total value of the checks contained in each specification. The appellant pled guilty to an aggregate lesser amount (set forth in parenthesis): Specification 1, $1,037.40 ($731.55); Specification 2, $523.98 ($494.56); Specification 3, $70.00 ($10.00); Specification 4, $1,343.63 ($737.95); Specification 5, $42.40 ($42.40); Specification 6, $256.01 ($243.21). The Manual for Courts-Martial, United States, 1984, part IV, para. 49e(1)(a) and (b) [hereinafter cited as M.C.M., 1984], provides, with regard to the maximum punishment for Article 123a, as follows:

(e) Maximum punishment.
(1) For the procurement of any article or thing of value, with intent to defraud, in the face amount of:
(a) $100.00 or less. Bad-conduct discharge, forfeiture of all pay and allowances, and confinement for 6 months.
(b) More than $100.00. Dishonorable discharge, forfeiture of all pay and allowances, and confinement for 5 years.

**542**

cases, however, included increasing the maximum punishment as a consequence of the duplicitous pleading.

In *United States v. Davis,* 36 C.M.R. 363 (C.M.A.1966), the United States Court of Military Appeals was presented with a similar situation. There, the accused altered his finance record to indicate he was a sergeant, presented himself and his records at three different military installations, and received casual payments based on the false records. Davis was charged and convicted of a single specification of larceny of a sum in excess of $50.00 based upon the prosecution's theory that the overpayments he received were at least $77.96 in excess of that which he was authorized. The court reversed and, quoting *United States v. Paulk,* 32 C.M.R. 456, 457 (C.M.A.1962), stated:

> The specification thus violates one of the rudimentary principles of pleading, for, as noted by the Manual for Courts-Martial, United States, 1951, "One specification should not allege more than one offense either conjunctively or in the alternative." Manual, *supra,* paragraph 28*b*. *See also United States v. Parker,* 3 USCMA 541, 13 CMR 97; *United States v. Autrey,* 12 USCMA 252, 253, 30 CMR 252, 253; Federal Rules of Criminal Procedure, Rule 8a; and *Kotteakos v. United States,* 328 US 750, 90 LEd 1557, 66 S Ct 1239 (1946).
>
> In like manner, the larcenies by this accused from different Finance Officers on different dates and in widely separated cities are undeniably separate crimes. *United States v. Paulk, supra. As such, therefore, they cannot be aggregated into one count as a single larceny, thereby increasing the amount stolen to a sum in excess of $50.00 and the permissible sentence to a term of five years.*

*United States v. Davis,* 36 C.M.R. at 365 (emphasis added).

█ Accordingly, we find the military judge erred in computing the maximum punishment applicable to four of the six specifications of Charge I. He should have found the maximum punishment for each specification was established by the dollar amount of the largest check included within that specification. Consequently, the maximum punishment applicable based upon appellant's provident pleas of guilty was a bad-conduct discharge, confinement for three years, forfeiture of all pay and allowances, and a fine payable to the United States.

The prejudice to appellant cannot be questioned.

**II**

As we have noted, appellant further alleges the substantial overstatement of the maximum permissible punishment rendered his pleas of guilty improvident. We disagree.

█ The primary responsibility for determining the legal limits of punishment rests upon the trial judge. *United States v. Harden,* 1 M.J. 258, 259 (C.M.A.1976). A plea of guilty may be improvident because it is predicated upon a substantial misunderstanding on the accused's part of the maximum punishment to which he is subject. *United States v. Castrillon-Moreno,* 7 M.J. 414 (C.M.A.1979); *United States v. Harden,* 1 M.J. at 259. Yet, in a particular case, even a substantial difference in the perceived maximum punishment, when compared against the true maximum punishment, may not be material to a given accused. *United States v. Harden,* 1 M.J. at 260, citing *United States v. Kleinhans,* 34 C.M.R. 276 (C.M.A.1964). Nor has an erroneous perception of the maximum punishment been solely determinative of an improvident plea. *Cf. United States v. Frangoules,* 1 M.J. 467, 469 (C.M.A.1976). Also, a mathematical formula has not been adopted to resolve issues of this kind. *United States v. Walls,* 9 M.J. 88, 91 (C.M.A.1980).

In *United States v. Hunt,* 10 M.J. 222 (C.M.A.1981), the United States Court of Military Appeals considered a similar issue. There the court stated:

As we said in *United States v. Hedlund, supra,* [7 M.J. 271] at 273 [C.M.A.1979]:

> It is ignorance of the possible consequences of a guilty plea which affects the plea's providence, not mere uncertainty as to the ultimate resolution of a legal issue involved somewhere in the case of which the accused and his counsel are aware.

However, even where the record does not dispel a conclusion that an accused was ignorant of the possibility that the actual legal maximum punishment may be less than that perceived at trial, all the circumstances of the case presented by the record must be considered to determine whether the misapprehension of the maximum sentence affected the guilty plea, or whether that factor was insubstantial in his decision to plead [guilty]. (Citation omitted.)

*United States v. Hunt,* 10 M.J. at 223–24.

Here, appellant proposed a pretrial agreement in which he offered to waive the pretrial Article 32(b), UCMJ, investigation and to plead guilty (as he did at trial) in return for the convening authority not approving a sentence in excess of dishonorable discharge, confinement for fourteen months, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.[6] He further offered that the convening authority could approve any other lawful punishment that the court might adjudge. The convening authority accepted the offer as proposed.

■ It is obvious that at least appellant and his counsel gauged the quality of the evidence against them and determined appellant could not avoid a discharge, forfeiture of all pay and allowances, and at least substantial confinement. An accused's assessment of the evidence against him, and his subsequent sentence limitation proposal, have been considered reasonable indications of the sentence proposal's probable fairness. *United States v. Hendon,* 6 M.J.

171, 175 (C.M.A.1979). We also view the quantum of evidence against appellant as overwhelming. Consequently, his counsel's best choice was to limit his client's liability as best he could under the circumstances. Counsel, though, was obviously unaware appellant could not be sentenced to a dishonorable discharge. That fact, however, in and of itself, does not make appellant's plea improvident as it was more than reasonable to assume he would receive a discharge in some form.

As we have noted, the trial judge misadvised appellant that the maximum punishment based upon provident pleas of guilty included confinement for twenty-one years, when, in fact, the maximum confinement based upon provident pleas of guilty was only three years.[7] Yet as far as appellant was concerned, the maximum confinement in his case was the limit set forth in the pretrial agreement—fourteen months. *See United States v. Koenig,* 3 M.J. 781, 782 (A.C.M.R.1977).

Having determined that appellant anticipated all elements of his sentence with the exception of a dishonorable discharge, but nevertheless anticipating he would receive a discharge in some form, we hold, under these circumstances, the factor of the form of the discharge, that is, dishonorable discharge or bad-conduct discharge, was insubstantial in his decision to plead guilty. Accordingly, appellant's pleas of guilty were not improvident.

■ Having decided appellant's pleas of guilty were provident, but that he was prejudiced by the military judge's miscalculation of the maximum imposable sentence, we believe reassessment of the sentence will cure the prejudice as well as assure the sentence will be no greater than that which would have been imposed had the errors not been committed. *United States v. Sales,* 22 M.J. 305, 308 (C.M.A.1986).

---

**6.** Appellant was, prior to trial, a Private E–1.

**7.** Adding an additional six months confinement for the larceny offense, the maximum imposable punishment was a bad-conduct discharge, confinement for three and one-half years, forfeiture of all pay and allowances, and any other lawful punishment.

The findings of guilty are affirmed. Reassessing the sentence [8] based upon the errors noted and the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for fourteen months, and forfeiture of all pay and allowances.

Judge WILLIAMS and Judge KENNETT concur.

---

8. In its brief, the government appears to concede that a bad-conduct discharge, not a dishonorable discharge, was the most severe form of discharge which could have been imposed.