UNITED STATES, Appellee,

v.

**Private First Class John T. LOGAN, 294–78–3026, United States Army, Appellant.**

**ACMR 8901604.**

U.S. Army Court of Military Review.

15 Feb. 1990.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Brian D. Bailey, JAGC, Captain Paula C. Juba, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, J.A.G.C., Major Martin D. Car-

Before KUCERA, GILLEY and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Pursuant to the appellant's pleas, the military judge found him guilty of larceny (four specifications) and forgery (two specifications), in violation of Articles 121 and 123, Uniform Code of Military Justice, 10 U.S.C. § 921 and 923 (1982). The convening authority approved the sentence of a bad-conduct discharge, confinement for twenty-five months, forfeiture of all pay and allowances, and reduction to Private El, but, pursuant to a pretrial agreement, suspended confinement in excess of eighteen months for one year.

The appellant asserts the following as error:

> THE ACTION IS IMPROPER BE-CAUSE THE CONVENING AUTHORI-TY CONSIDERED NEW MATTERS WITHOUT AFFORDING APPELLANT AN OPPORTUNITY TO RESPOND.

We find that for clemency, the convening authority could properly consider the matters submitted without additional referral to the appellant, but, for his action on the sentence, we doubt that he understood the offenses upon which he was to act and their relative seriousness.

The convening authority provided a memorandum for the appellant (Appendix) explaining why he denied the appellant's petition for clemency. Even though the convening authority stated that he was relying on what the evidence established at trial, no evidence was presented at trial that the appellant stole a "VCR" [video cassette recorder]. The charges had alleged that the appellant stole a gold key card, a total of $700.00 in currency, and a Chinon eight-millimeter movie camera of a value of about $75.00, and that he forged four checks. Those checks were the means for stealing $400.00 of the $700.00 stolen. A stipulation of fact established that the ap-

pellant stole an additional $500.00 in currency. A report of investigation in the allied papers of the record of trial included theft by the appellant of a VCR. The victim testified that he lost about $1700.00 from the appellant's thefts.

■ Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1107(b)(3)(B)(iii) provides that "if the convening authority considers matters adverse to the accused from outside the record, with knowledge of which the accused is not chargeable, the accused shall be notified and given an opportunity to rebut." In *United States v. Lanford*, 20 C.M.R. 87, 96 (C.M.A.1955), the Court held that the "entire record" includes allied papers. Thus, the convening authority could consider without additional referral to the appellant all the information he alluded to in his explanation of why he was not granting clemency; the appellant was chargeable with knowledge of that information.

■ We also considered whether the convening authority's memorandum raises the appearance and a substantial doubt that the convening authority thought the appellant could be sentenced for everything that was "established by the evidence presented at [his] court-martial," including theft of a VCR, even though that purported theft was not raised at trial. The advice by the staff judge advocate to the convening authority correctly informed him of the offenses of which the appellant was convicted, but the convening authority's memorandum leaves a question that he thought the appellant deserved punishment for all the "misconduct" "established" at his trial.

Along with the impact of that mistaken impression, we observe too that the staff judge advocate's recommendation misstated the maximum confinement the court-martial could have imposed. To assist us in evaluating whether that misstatement of the maximum confinement was prejudicial, we examine the relative aggravation of the offenses for which the appellant was convicted in terms of maximum confinement possible at trial. The appellant forged four checks, stole a camera, and stole $300.00 and an automatic teller card.

The staff judge advocate stated in his recommendation that the maximum confinement was thirty years. Because of the duplicitous pleading by the government, the maximum confinement was correctly found by the military judge to be fifteen years and six months. Had the four forgeries been charged separately, the maximum confinement for them would have been twenty years and for the two larcenies, five years and six months. The total then would have been twenty-five years and six months. The military judge's calculation properly took into account multiplicity for sentencing purposes, and found the maximum confinement was fifteen years and six months. Further, the maximum sentence for a specification is limited in confinement to the most serious offense alleged therein regardless of how many offenses are included in the specification. *See United States v. Poole*, 24 M.J. 539, 542 (A.C.M.R.1987), *aff'd*, 26 M.J. 272 (1988) (court cannot aggregate value of items of separate crimes charged in one specification to result in increased punishment). Accordingly, the two forgeries in each specification could have resulted in only five years' confinement rather than the ten years that could have resulted had they been charged separately.

We doubt that the convening authority could make an informed exercise of his discretion in taking action on this case. We distinguish this question from the convening authority's exercise of his discretion of clemency, of which we see no abuse here.

We are confident that *United States v. Sales*, 22 M.J. 305, 307 (C.M.A.1986), provides the appropriate analogue for our treatment of the case at this point. We approach the case of misunderstanding by the approving authority as we would such a misunderstanding by the sentencing authority. This case is aggravated by the appellant's victimizing his apartment-mate through repeated theft and forgeries of which he was convicted. We are satisfied that if the convening authority was correctly informed and understood just what the appellant was to be sentenced for, he would have approved at least eighteen months of the confinement as well as the remainder of the sentence.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for eighteen months, forfeiture of all pay and allowances, and reduction to the grade of Private E1.

Senior Judge KUCERA and Judge GIUNTINI concur.

## APPENDIX

**DEPARTMENT OF THE ARMY**
Headquarters, 1st Cavalry Division
Fort Hood, Texas 76545–5100

AFVA–GC    (27–10e)

MEMORANDUM FOR:   Private First Class John T. Logan, 294–78–3026, C Company, 1st Battalion, 32nd Armor, Fort Hood, Texas, 76545–5108

SUBJECT:   Response to Clemency Petition

1. I have reviewed the petition for clemency, dated 19 July 1989, submitted in your behalf by your counsel, your overall service record, and the result of trial in your case. I have concluded that the findings and sentence should be approved.

2. It has been established by the evidence presented at your court-martial that you stole a camera, VCR, and over $1000.00 currency from your roommate, Stephen D. Rouse. This type of misconduct is particularly reprehensible and strikes at the heart of good order and discipline. These actions are indicative of your morals, are a serious strike against your character, and will not be tolerated in this Army. Therefore, I will not grant you clemency.

3. I hope you will use this opportunity to reexamine your values and rehabilitate yourself, as this may be your last opportunity to do so.

(s) William F. Streeter
WILLIAM F. STREETER
Major General, USA
Commanding