OPINION OF THE COURT
PEARSON, Judge:
In this case, we determine how military judges should calculate the maximum punishment for a specification which alleges multiple thefts aggregating over $100 in value.
In a bench trial general court-martial, appellant pled guilty to being absent without leave on two occasions (one terminated by apprehension) and stealing telephone services by using his roommate’s telephone credit card number. The military judge sentenced him to a bad-conduct discharge, 12 months confinement, forfeiture of all pay and allowances, and reduction to airman basic, which the convening authority approved. On appeal, he contends the military judge erred in calculating the maximum punishment for the theft offense.
BACKGROUND
Appellant entered active duty on April 7, 1993, and started on the road to the courthouse soon afterward. Between May 13 and June 17, 1993, he used his roommate’s telephone credit card number to unlawfully make over $1300 in long distance calls, mostly to his hometown.
The government elected to charge the calls in one theft of services specification alleging “a value greater than $1300.” Article 134, UCMJ, 10 U.S.C. § 934; see United States v. Gregory, 31 M.J. 236, 238 (C.M.A 1990). In *667 calculating the maximum punishment for this offense, the military judge concluded the specification alleged “a value of more than $100” which resulted in 5 years confinement versus 6 months confinement for “a value of $100 or less.” See Manual for Courts-Martial, United States, 1984, (MCM) Part IV, ¶ 78e. Defense counsel did not object to that calculation, although the most expensive call amounted to only $41.99 (June 11) and the calls were spread out over 35 days with the highest value of calls on any one day totalling $73.53 (May 28).
In his post-trial review of the case, the staff judge advocate discussed the judge’s calculation for the theft offense in light of our decision in United States v. Pabon, 37 M.J. 836 (A.F.C.M.R.1993). See R.C.M. 1106(d)(4). In Pabon, a panel of this Court held that “[wjhen multiple larcenies not shown to have been committed at substantially one time are combined in one specification, the maximum punishment for that specification is determined by the value of the things shown to have been stolen in substantially one transaction.” Pabon, 37 M.J. at 843. The staff judge advocate concluded Pabon did not apply since the government could’ve charged appellant with at least 34 separate theft specifications resulting in 17 years confinement versus 5 years for the aggregate specification. Once again, appellant did not object. See R.C.M. 1106(f)(6).
Now appellant contends that the judge’s calculation is at odds with our decision in Pabon. We conclude otherwise, but clarify the legal principles set out in Pabon, and in an earlier case on which it was based, United States v. English, 25 M.J. 819 (A.F.C.M.R. 1988), rev’d on other grounds, 27 M.J. 400 (C.M.A.1988) (summary disposition).

UNITED STATES v. PABON

Among other things, Airman Pabon was convicted of one specification of stealing, on divers occasions, “military property” consists ing of five parkas of a total value of “more than $100.” Article 121, UCMJ, 10 U.S.C. § 921. While each parka was valued at $80.50, the prosecution could not show that Pabon stole more than one parka at any one time. However, the military judge aggregated the value of the parkas and applied the “more than $100” punishment factor resulting in a maximum confinement of 10 years for the specification. See MCM, Part IV, ¶ 46e(1)(c).
On appeal, the Pabon Court found the military judge erred in aggregating the values of the multiple thefts to arrive at the enhanced punishment factor. The Court correctly pointed out that if the government had charged Pabon in five separate larceny specifications, the maximum confinement would’ve been only 5 years, 1 year for each theft of “military property” of a value of “$100 or less.” See MCM, Part IV, ¶ 46e(1)(a). By aggregating the value, the military judge doubled the maximum confinement for the various individual thefts.

UNITED STATES v. ENGLISH

Among other things, Staff Sergeant English was convicted of six specifications of uttering bad checks with the intent to defraud. Article 123a, UCMJ, 10 U.S.C. § 923a. Two of the specifications, 4 and 6, alleged English uttered multiple bad checks on divers occasions of an aggregate value in excess of $100. However, the evidence showed that English did not write any one check for “more than $100.” In specification 4, he wrote two checks for $100 each and in specification 6, he wrote five checks, all under $100. The military judge aggregated the value in each of the two specifications and applied the “more than $100” punishment factor resulting in a maximum confinement of 5 years for each specification. See MCM, Part IV, ¶ 49e(1)(b).
On appeal, the English Court correctly pointed out that the military judge erred by aggregating the value of the checks in specifications 4 and 6. If the government had charged English in seven separate bad check specifications, the maximum confinement would’ve been only 3 years, 6 months, or 6 months for each check of “$100 or less.” See MCM, Part IV, ¶ 49e(1)(a). See also United States v. Reed, 26 M.J. 891 (A.F.C.M.R.1988). Once again, by aggregating the value, the military judge more than doubled the maximum confinement for the various individual checks.
*668 THE CLARIFICATION
In both Pabon and English, the Court reached the right result when calculating the maximum punishment questions at issue. However, many have misinterpreted those decisions as setting forth a per se rule that the maximum punishment for a specification alleging multiple thefts, or bad checks, is limited to the highest value of any one theft, or check. See Pabon, 37 M.J. at 844; English, 25 M.J. at 822. While such an interpretation seems logical in the abstract, it would produce absurd results in many cases, such as this one, and is not required by law or the decisions reached in Pabon and English.
Pleading multiple thefts, or bad checks, in one specification promotes judicial economy by streamlining charge sheets and trial proceedings — one need only sit through the agony of a 40 specification bad check case to understand why. If we penalize the government for consolidating offenses into logical groups by arbitrarily capping the maximum punishment, we encourage “multi-spec” pleading to drive up the punishment cap. For example, why should the government plead 40 bad checks, all under $100 but total-ling over $100, in one specification if it finds the punishment capped at the “$100 or less” limit instead of “more than $100?” As we recently pointed out in United States v. Weymouth, we should strive to “streamline the process, not make it more cumbersome.” Weymouth, 40 M.J. 798, 804 (A.F.C.M.R. 1994) (en banc).
Consequently, when the government pleads multiple thefts, or bad checks, in one specification alleging an aggregate value in excess of $100, military judges should calculate the maximum punishment by analyzing the evidence to determine if the government can prove separate acts. If the government can prove that any one theft, or check, was for more than $100, apply the “more than $100” punishment factor. If the government could allege and prove separate specifications with punishments which, when combined, equal or exceed the maximum punishment for the aggregate specification, apply the “more than $100” punishment factor. Otherwise, apply the lesser “$100 or less” punishment factor. See R.C.M. 307(c)(3), Discussion (H)(iv) (alleging value in theft offenses). When all is said and done, the punishment rules laid out in Pabon and English stand for this proposition and nothing more.
Here, the prosecution introduced a stipulation of fact incorporating the roommate’s phone bills which established the dates and amounts of the calls. The government could have pleaded and proved numerous separate specifications with punishments totalling greatly in excess of the maximum punishment for the one aggregating the value of all the calls. Therefore, the government’s pleading benefited appellant rather than prejudiced him, and the military judge correctly used the “more than $100” punishment factor.
REMAINING ISSUES AND CONCLUSION
Since the military judge did not miscalculate the maximum punishment, we find appellant’s plea of guilty to stealing services provident. We find appellant forfeited any complaint concerning the appropriateness of his pretrial confinement by failing to raise the issue at trial, as plain error is not present. R.C.M. 905(e); United States v. McCants, 39 M.J. 91 (C.M.A.1994); United States v. Pagel, 40 M.J. 771 (A.F.C.M.R.1994) (discussing forfeiture and waiver).
Accordingly, the approved findings of guilty and the sentence are correct in law and fact, and on the basis of the entire record are
AFFIRMED.
Senior Judge SNYDER and Judge SCHREIER concur.