UNITED STATES, Appellee

v.

Jarrod L. MINCEY, Airman, U.S.
Air Force, Appellant.

No. 93–0943.
CMR No. 30054.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 11, 1995.

Decided Sept. 14, 1995.

For Appellant: *Colonel Jay L. Cohen* (argued); *Colonel Francis T. Lacey (USAFR),* and *Captain Eric N. Eklund* (on brief); *Colonel Terry J. Woodhouse, Lieutenant Colonel Joseph L. Heimann, Major Mary C. Yastishock, Captain David D. Jividen.*

For Appellee: *Major John H. Kongable* (argued); *Colonel Jeffery T. Infelise* and *Captain Jane M.E. Peterson* (on brief).

*Opinion of the Court*

COX, Judge:

1. Appellant was tried by general court-martial, military judge sitting alone, at Keesler Air Force Base, Mississippi. Pursuant to his pleas, appellant was found guilty of uttering bad checks with intent to defraud (2 specifications), wrongfully uttering a bad check for a past due obligation, and wrongful appropriation, in violation of Articles 123a and 121, Uniform Code of Military Justice, 10 USC §§ 923a and 921, respectively. Appellant was sentenced to a bad-conduct discharge, confinement and forfeiture of $350 pay per month for 28 months, and reduction to the lowest enlisted grade. The convening authority approved the sentence, and the Court of Military Review [1] affirmed the findings and sentence in an unpublished opinion on March 10, 1993. 1993 WL 76298.

1. *See* 41 MJ 213, 229 n. * (1994).

2. We granted review of the following issues: [2]

I

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW COMMITTED REVERSIBLE ERROR WHEN IT DISREGARDED THE CLEAR LANGUAGE OF R.C.M. 307(c)(4), UCMJ AND THIS COURT'S LEARNED OPINION IN *UNITED STATES V. POOLE*, 26 MJ 272 (1988), AND *UNITED STATES V. DAVIS*, [16 USCMA 207,] 36 CMR 363 (1966) WHICH RECOGNIZED THE RULE THAT EACH SPECIFICATION CONTAIN ONE OFFENSE AND THE MAXIMUM PUNISHMENT IS DETERMINED BY THE AMOUNT OF THE LARGEST SINGLE CHECK.

II

WHETHER APPELLANT'S PLEAS WERE IMPROVIDENT DUE TO ERRONEOUS INFORMATION BEING GIVEN TO APPELLANT CONCERNING THE MAXIMUM PUNISHMENT AUTHORIZED.

3. We hold that the pleas of guilty were provident; however, we decline to adopt the methodology employed by the Air Force Court in calculating the punishment. We also hold that the military judge miscalculated the possible maximum punishment but that his calculation did not prejudice the rights of appellant, Art. 59(a), UCMJ, 10 USC § 859(a), because the maximum punishment determined by the military judge is less than the maximum punishment authorized by the Manual for Courts–Martial, United States, 1984, except for the character of the punitive discharge. Accordingly, the granted issues are without merit.

I

4. Appellant uttered a total of 18 bad checks and was also convicted of wrongful appropriation of property of a value greater than $100. The bad-check offenses in Charge I were charged as follows: 10 checks, each with a face value of $100 under specification 1; 7 checks with values under $100 under specification 2. The last bad check, valued at $546.75 as payment for a just debt, was charged in Additional Charge I. The military judge advised appellant that the maximum punishment for his offenses included confinement for 6–1/2 years and then ascertained that both counsel were satisfied that this calculation accurately reflected the maximum punishment allowable. The 6–1/2-year figure was presumably reached in the following manner: [3]

Specification 1, Charge I: Aggregation of 10 checks, totaling $1000 = 5 years;

Specification 2, Charge I: Aggregation of 7 checks, totaling $240 = 6 months;

Additional Charge I: One bad check as payment for overdue debt = 6 months;

Additional Charge II: Wrongful appropriation of a value greater than $100 = 6 months.

*See* paras. 49(e)(1) and (2), and 46 e(2), Part IV, Manual, *supra.*

5. In this case, appellant signed a pretrial agreement limiting confinement to 3–1/4 years (39 months), with the understanding that the maximum punishment allowable for his offenses included dishonorable discharge and confinement for up to 6–1/2 years. Focusing on specification 1, appellant now argues the maximum confinement should have been calculated as 2 years, not 6–1/2, and discharge should have been limited to a bad-conduct discharge. This argument is based upon the decision of the United States Army Court of Military Review in *United States v. Poole*, 24 MJ 539 (1987), *aff'd*, 26 MJ 272 (CMA 1988), which would limit the maximum punishment for specifications 1 and 2 of

2. The granted issue is as stated in the Supplement unless stated differently in the Grant Order. Counsel do not have license to paraphrase or revise it on their own.

3. This calculation was reached during a conference convened under RCM 802, Manual for

Courts–Martial, United States, 1984, not on record. Therefore, we have no information other than that suggested in the Government's brief regarding exactly how the maximum was set.

Charge I, as worded, to 6 months per specification because neither specification alleged a check of a value greater than $100. The Army court calculated the maximum punishment in a duplicitous specification as being the maximum punishment authorized for the largest single check. Furthermore, as appellant has correctly argued, the punitive discharge would be limited to a bad-conduct discharge if no check exceeded $100.00. *See* para. 49e(1)(a), Part IV, Manual, *supra.*

## II

6. Our decision to uphold the guilty pleas is founded upon the following rationale. First, while charges and specifications alleging all known offenses by an accused may be preferred at the same time, RCM 307(c)(4), Manual, *supra,* establishes: "Each specification shall state only one offense." Thus, these specifications are duplicitous.

7. Second, appellant did not object to the misjoinder of numerous bad-check offenses into one duplicitous specification; thus he waived any complaint that he may now have about the pleadings. *See* RCM 905(b)(2) and (e).

8. Third, RCM 1003(c)(1)(A)(i) authorizes punishment "for each separate *offense*, not for each specification." We look to the offenses of which an accused has been convicted to determine his punishment. Notwithstanding the joinder of multiple offenses under each specification in Charge I, in reality appellant was convicted of 17 offenses of uttering bad checks, in violation of Article 123a. The maximum punishment for each of the charged offenses was a bad-conduct discharge, 6 months' confinement, total forfeitures, and reduction to the lowest enlisted grade. In the aggregate, he thus could have been sentenced to 102 months of confinement for these check offenses (plus additional punishment for the other offenses).

9. Lastly, in this case we have not looked beyond bad-check offenses. We neither condone nor condemn the practice of joining numerous offenses into one specification for ease of pleading and prosecuting the case. We now only hold that in bad-check cases, the maximum punishment is calculated by the number and amount of the checks as if they had been charged separately, regardless whether the Government correctly pleads only one offense in each specification or whether the Government joins them in a single specification as they have here. We can find no prejudice to an accused in this circumstance.

## III

10. We are then left with deciding whether the misadvice as to the nature of the discharge rendered the plea improvident. "A plea of guilty may be improvident because it is predicated upon a substantial misunderstanding on the accused's part of the maximum punishment to which he is subject." *See United States v. Poole,* 26 MJ at 274; *United States v. Hunt,* 10 MJ 222, 223 (CMA 1981); *United States v. Castrillon–Moreno,* 7 MJ 414, 415 (CMA 1979). Although we have "rejected a mathematical formula" to determine what misunderstanding amounts to a "substantial misunderstanding," *United States v. Hemingway,* 36 MJ 349, 352, 353 (CMA 1993), we will take into consideration "all the circumstances of the case ... to determine whether the misapprehension of the maximum sentence affected the guilty plea, or whether that factor was insubstantial in [appellant's] decision to plead" guilty. *Id.* at 353; *United States v. Walker,* 34 MJ 264, 266 (CMA 1992); *United States v. Hunt,* 10 MJ at 223–24; *United States v. Walls,* 9 MJ 88 (CMA 1980).

11. Because the maximum potential confinement was actually greater than appellant was led to believe and because appellant only received a bad-conduct discharge, he obviously was not prejudiced by the military judge's ruling.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges CRAWFORD and GIERKE concur.

WISS, Judge (concurring in the result):

12. I agree with the majority that the real issue in this case is whether specification

1 of Charge I is duplicitous as alleging more than one offense. *See* RCM 307(c)(4), Manual for Courts–Martial, United States, 1984 ("Charges and specifications alleging all known offenses by an accused may be preferred at the same time. Each specification shall state only one offense.") Unlike the majority, however, I believe that it is not.

The specification in issue charges that appellant did,

> between on or about 6 January 1992 and 12 January 1992, with intent to defraud and for the procurement of lawful currency or things of value, wrongfully and unlawfully utter to the Noncommissioned Officer's Open Mess ... certain checks ... numbered and dated as follows, to wit: 0223, 6 January 1992, $100.00; 0225, 7 January 1992, $100.00; 0226, 7 January 1992, $100.00; 0228, 8 January 1992, $100.00; 0230, 8 January 1992, $100.00; 0234, 10 January 1992, $100.00; 0238, 10 January 1992, $100.00; 0240, 11 January 1992, $100.00; 0243, 11 January 1992, $100.00; 0245, 12 January 1992, $100.00; a total amount of $1,000.00, then knowing that he ... did not or would not have sufficient funds ... for the payment of said checks in full upon the presentment of each check.

13. It is clear from the face of this specification that all ten checks were written to the same payee, at the same place, and at substantially the same time. In an analogous context of larceny, this Court four decades ago in *United States v. Hall,* 6 USCMA 562, 20 CMR 278 (1955), recognized the principle of aggregating the dollar amount of multiple larcenies that are "committed at substantially the same time and place." The Court explained:

> Therefore, all that an accused person—concededly guilty for the purposes of the present disquisition—is entitled to ask, and all that the several mentioned pleading reagents do, or should, seek to accord him, is the right to be *punished* on the basis of reasonably discreet offenses. To put the matter otherwise—and this time from the point of view of the Government's pleader—it need only be demanded that the

prosecutor, in his allegations of larceny, recognize fair and distinct interruptions in the current of the accused's criminality, and acknowledge them alone, resolving doubts, of course, in favor of the latter's penal interest. And we will undertake to see to it that these divisions, the offense "breaks," utilized by him, *are* defensible, and that doubts are thus appropriately resolved—as, indeed we have already indicated in many of the cases cited in later paragraphs of this opinion. But if the separate allegations of the Government—or its actions in refusing to separate—are in fact fair, tenable and reasonably uniform, we shall not at all require a micrometer caliper for use in the disposition of cases of this ilk.

6 USCMA at 564–65, 20 CMR at 280–81. Moreover, in the sentence immediately following this passage, the Court recognized that these concerns are not limited to larceny pleadings; instead, it "is to be recognized as well in a wide variety of other legal situations." *Id.* at 565, 20 CMR at 281. I believe that this is one of them.

14. Here, appellant's check-writing that is reflected in specification 1 of Charge I occurred at substantially the same time and place and victimized the same payee. Clearly, the prosecution elected to treat this spree as one crime: It alleged the uttering of all 10 checks in one specification, it alleged the check-writing to have a "total amount of $1,000.00," and it alleged that appellant wrote these checks knowing that he "would not have sufficient funds" on deposit "for the payment of said checks in full upon the presentment of each check." While it might be contended that checks written over a 7-day period were not written at the same time, the facts of the case reasonably support the implicit view of the prosecution that the short passage of time between some of the checks was not substantial enough to offset the apparent single impulse that motivated appellant's actions. *See United States v. Swigert,* 8 USCMA 468, 471–72, 24 CMR 278, 281–82 (1957).

15. Accordingly, when I look to see if "the prosecutor, in his allegations ..., recog-

nize[d] fair and distinct interruptions in the current of the accused's criminality," I conclude that its actions in aggregating these checks and treating them as a single crime was "fair, tenable and reasonably uniform." *See United States v. Hall, supra* at 564, 565, 20 CMR at 280, 281. That being the case, there is no duplicity in the specification, and appellant was liable to confinement for a maximum period of 5 years and a dishonorable discharge under this specification. Para. 49e(1)(b), Part IV, Manual, *supra.*

On this rationale, I join in affirming the decision below, sustaining the providence of appellant's pleas.