# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Airman CASSANDRA L. GLOSSON
### United States Air Force

## ACM S32350

## 17 November 2016

Sentence adjudged 9 September 2015 by SPCM convened at Beale Air Force Base, California.  Military Judge:  Brendon K. Tukey (sitting alone).

Approved Sentence:  Bad-conduct discharge, confinement for 75 days, and reduction to E-1.

Appellate Counsel for the Appellant:  Major Thomas A. Smith; Captain Ann W. Morgan; and Captain Jarett F. Merk.

Appellate Counsel for the United States:  Gerald R. Bruce, Esquire.

Before

MAYBERRY, SPERANZA, and JOHNSON
Appellate Military Judges

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

PER CURIAM:

A special court-martial composed of a military judge sitting alone found Appellant guilty, consistent with her pleas and pursuant to a pretrial agreement, of failure to go at the time prescribed to her place of duty on divers occasions; negligent dereliction of duty for failing to refrain from soliciting a loan from a subordinate; failure to obey a lawful order; wrongful use of codeine, marijuana, and cocaine; and solicitation to distribute a controlled

substance, in violation of Articles 86, 92, 112a, and 134, UCMJ, 10 U.S.C. §§ 886, 892, 912a, and 934.[1] We reviewed Appellant's case on its merits.

During the providence inquiry, trial counsel inaccurately stated that the maximum punishment included "two-thirds forfeitures of pay for 12 months." However, trial defense counsel agreed with trial counsel's recitation of the maximum authorized punishment. The military judge then incorrectly advised Appellant the maximum punishment authorized based on his pleas included, *inter alia*, "forfeiture of two-thirds pay *and allowances* per month for 12 months." (Emphasis added). Appellant confirmed that she understood the maximum authorized punishment based upon her pleas and did not have any questions about the sentence that could be imposed accordingly. The military judge convicted Appellant consistent with her pleas and sentenced her to a bad-conduct discharge, confinement for 75 days, and a reduction in grade to E-1. Appellant's pretrial agreement limited any confinement to no more than four months, but included no other restrictions. The convening authority approved the adjudged sentence.

A guilty plea may be improvident if it is based on an accused's substantial misunderstanding of the maximum possible punishment. *United States v. Mincey*, 42 M.J. 376, 378 (C.A.A.F. 1995). In this case, we find any misunderstanding by Appellant about forfeitures was not substantial and did not compromise the providence of her pleas.

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of Court

---

[1] In accordance with her pretrial agreement with the convening authority, Appellant pleaded not guilty to one specification of reckless operation of a vehicle; one specification of wrongful possession of marijuana; and, one specification of wrongful possession of cocaine, in violation of Articles 111 and 112a, UCMJ, 10 U.S.C. §§ 911 and 912a. The Article 111 charge and its specification were withdrawn and dismissed, as were the two wrongful possession specifications under Article 112a.